IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


BETTY SZEKELY                                                    PLAINTIFF


        v.                              CIVIL NO. 16-5271


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                          DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


Plaintiff, Beth Szekely,[2] brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying Shawn Szekely's (hereinafter "Claimant") claims for a period of

disability and disability insurance benefits (DIB) and supplemental security income (SSI)

benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this

judicial review, the Court must determine whether there is substantial evidence in the

administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Claimant protectively filed his current applications for DIB and SSI on February 11,

2013, alleging an inability to work since April 15, 2008,[3] due to leg pain, hip pain, knee pain

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2] On February 14, 2017, a suggestion of death and a motion to substitute party were filed.  (Docs. 12, 13).  The Court
granted the motion to substitute Plaintiff as a party on February 15, 2017.  (Doc. 15).

[3] Claimant, through his counsel, amended his alleged onset date to December 30, 2011.  (Tr. 11, 53).

and back pain. (Tr. 105, 258). For DIB purposes, Claimant maintained insured status through September 30, 2014. (Tr. 270). An administrative video hearing was held on August 4, 2014, at which Claimant appeared with counsel and testified. (Tr. 26-84). A supplemental hearing was held on July 13, 2015, at which the vocational expert testified. (Tr. 26-44).

By written decision dated August 27, 2015, the ALJ found that during the relevant time period, Claimant had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Claimant had the following severe impairments: osteoarthritis of the knee (fracture), sleep apnea, obesity, and hypertension. However, after reviewing all of the evidence presented, the ALJ determined that Claimant's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Claimant retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb, balance, crawl, kneel, stoop, and crouch, and requires a cane to ambulate and to stand for more than a few minutes.

(Tr. 14). With the help of a vocational expert, the ALJ determined Claimant could perform work as a compact assembler, a nut sorter and a semi-conductor bonder. (Tr. 19, 415).

Claimant then requested a review of the hearing decision by the Appeals Council, which denied that request on August 12, 2016. (Tr. 1-3). Subsequently, Claimant filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case before the undersigned for report and recommendation. (Docs. 18, 19).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § 423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A Claimant must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Claimant's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ determined Claimant was able to perform sedentary work with limitations. A review of the record revealed that Claimant entered the Northwest Medical Center emergency room with complaints of chest pain and shortness of breath on September 29, 2014. (Tr. 609-707). Claimant was diagnosed with an acute coronary syndrome and pneumonia, was admitted and later underwent a heart catheterization and stent placement. Claimant was discharged on October 2, 2014, with the following discharge diagnoses: bilateral pneumonia, NonST elevation myocardial infarction, coronary artery disease with bare metal stent placement to mid LAD, tobacco abuse, cannot rule out concomitant obstructive sleep apnea and chronic obstructive pulmonary disease, obesity and a nodule in the left lower lobe. Claimant's heart condition was not specifically addressed by the ALJ.

In making the RFC determination, the ALJ gave great weight to the opinions of the non-examining medical consultants and little weight to the opinion of Dr. Michael North, Claimant's treating physician. What is troubling to the undersigned is the fact that the non-examining medical consultants RFC assessments are dated August 14, 2013, and November 21, 2013, respectively, and Claimant did not seek treatment for a heart condition until September of 2014. The only medical opinion dated after September of 2014, is the opinion of Dr. North, which was given little weight by the ALJ when determining Claimant's RFC. After reviewing the record, Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Claimant's physical RFC for the time period in question.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Claimant's medical records; complete a RFC assessment

regarding Claimant's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Claimant's ability to perform basic work activities during the time period in question.

With this evidence, the ALJ should then re-evaluate Claimant's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV.   Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of September 2017.

/s/   *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE